(107 So. 290)

No. 25742.

**SELF et al. v. B. F. LEWIS LUMBER CO.**

(Feb. 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Public lands** ⬤⟿80—**Settler, in possession of land in railroad grant, had no claim to land withdrawn from entry and sale (Act Cong. March 3, 1871, 16 Stat. 573, c. 122; Act Cong. Feb. 8, 1887, 24 Stat. 391, c. 120).**

Settlers, in possession from 1882 to 1887 of public lands granted railroad, though equitable owners under Act Cong. Feb. 8, 1887, as against holders of patents issued in violation thereof, had no valid claim, where land was withdrawn from entry and sale by Act Cong. March 3, 1871, while yet vacant and unclaimed, which withdrawal remained in force when land was patented.

2. **Public lands** ⬤⟿80—**Possession of land withdrawn from entry and sale conferred no claim on rest of quarter section (Act Cong. Feb. 8, 1887, 24 Stat. 391, c. 120).**

Where plaintiffs' father and mother settled on 40 acres within railroad grant which had been withdrawn from entry and sale by government, such possession of tract conferred

160 La.—14

no legal rights or claims under Act Cong. Feb. 8, 1887, as to remaining 120 acres of quarter section as they were merely trespassers.

3. **Public lands** ⬤⟿29—**No intention to claim as homestead conveyed by settlement on that part of land which was withdrawn from entry and sale.**

No intention to claim quarter section of land as homestead was conveyed to public by settlement and improvement on 40 acres which had been withdrawn from entry and sale by government.

Appeal from Twelfth Judicial District Court, Parish of Vernon; John H. Boone, Judge.

Suit by Ollie Self and others against the B. F. Lewis Lumber Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

Sidney I. Foster, of Leesville, for appellants.

Thompson & Ferguson, of Leesville, for appellee.

LAND, J. The plaintiffs, Ollie, Ella, and William Self, are the children of Enoch and Sarah Self, deceased, who, it is claimed by plaintiffs, actually settled on the N. E. ¼ of section 3, township 3 north, range 10 west, in the parish of Vernon in this state, on or about the year 1878 or 1879.

This suit has been brought by plaintiffs to be declared the owners of this tract of land, and to enforce against the defendant, the B. F. Lewis Lumber Company, the trust asserted in favor of homestead claimants under the Act of February 8, 1887 (24 Stat. at L. 391, c. 120), to lands within the limits of the grant made by Congress to the New Orleans Pacific Railroad Company by the Act of March 3, 1871 (16 Stat. at L. 573, c. 122).

Defendant, lumber company, claims title to the land in dispute through the heirs of Jay Gould, the vendee of the New Orleans

Pacific Railroad Company, which acquired title to the S. E. ¼ of N. E. ¼ of said tract under patent from the United States of date March 3, 1885, and as to the rest of this tract, under patent from the United States of date August 8, 1889.

The dates of the warranty deeds of defendant company from the Gould heirs are November 20, 1886, as to the S. E. ¼ of N. E. ¼, and April 12, 1890, as to the N. ½ of N. E. ¼ and S. W.½ of N. E. ¼ of section 3, township 3 north, range 10 west, in Vernon parish.

[1] Conceding the right of actual settlers in possession from 1882 to 1887 to be decreed the equitable owners under the Act of Congress of February 8, 1887, as against the holders of patents and their assigns, issued in violation of the provisions of said act; yet it appears from the facts of this case that plaintiffs have no valid claim, initiated by settlement or otherwise, to the S. E. ¼ of the N. E. ¼ of section 3, township 10 north, range 10 west, as this particular 40 was withdrawn, under an express provision of the act of 1871, from entry and sale, while it was yet vacant and unclaimed, and that said withdrawal was still in force in 1885, when the S. E. ¼ of N. E. ¼ of said section was patented to the New Orleans Pacific Railroad Company by the United States. United States v. New Orleans P. R. Co., 39 S. Ct. 175, 248 U. S. 507, 63 L. Ed. 388, 399.

The only definite evidence in the record as to the extent of possession, as indicated by location of improvements upon the 160 acres of land claimed by plaintiffs, is shown by a map made by the parish surveyor of Vernon parish, and found in the record at page 55.

As to the improvements overlapping the edges of the N. E. ¼ and S. W. ¼ of the N. E. ¼ of said section, the parish surveyor states that they were made within the last few years.

[2] Since the father and mother of plaintiffs settled upon a 40-acre tract, which had been withdrawn from entry and sale by the United States, it is clear that the possession of this tract by their ancestors conferred upon them no legal rights or claims as to the remaining 120 acres of this quarter, as they were mere trespassers.

Plaintiffs therefore, as the heirs of their deceased father and mother, acquired no greater rights. No application was made, either by Enoch Self or by Sarah Self, to homestead the N. E. ¼ of said section during the lifetime of either decedent.

Sarah Self died in 1890, but Enoch Self lived upon the S. E. ¼ of this tract with his family until his death about the year 1902.

Defendant company acquired its title to the S. E. ¼ in 1886 and to the rest of this tract in 1890.

[3] The record is therefore silent as to the intention of plaintiffs' ancestors to claim the N. ½ and S. W. ¼ of the N. E. ¼ of section 3, township 3 north, range 10, as a homestead entry, as no such intention was conveyed to the public through the mere visible signs of settlement and improvement upon the S. E. ¼ of N. E. ¼ of this land, which had been withdrawn from entry and sale by the government.

It was not until October 2, 1911, that Ollie Self made application for homestead entry of this land, which was finally rejected on July 12, 1912, for conflict with the patented selection of the railroad company.

On March 6, 1914, Ollie Self filed another application, which was rejected also for the same reason, and an appeal was taken to the Commissioner of the General Land Office. This appeal was suspended when received in the office of the commissioner, awaiting legislation for the relief of settlers upon the patented lands of said railroad company, but, on February 25, 1919, the order of suspension was revoked, because it was believed that the decision of the Supreme Court in United

States v. New Orleans Pacific Railroad Company, cited in this opinion, obviated the necessity for any further legislation, as said decision sufficiently defined the rights of actual settlers, and recognized as a proper remedy to enforce the trust created in their behalf by the Act of February 8, 1887, a suit by the Attorney General of the United States.

Accordingly, on November 17, 1919, a hearing was authorized by the commissioner, and testimony was taken April 27, 1920, before the clerk of the district court at Leesville in Vernon parish.

The register and the receiver of the United States Land Office at Baton Rouge, La., decided the case August 31, 1920, in favor of plaintiffs as to the N. ½ and S. W. ¼ of N. E. ¼ of section 3, township 3 north, range 10 west, but rejected their demand as to the S. E. ¼ of N. E. ¼ of said section, as same had been patented to and sold to the railroad company.

As to this particular tract, it was recommended by the receiver and register that trust proceedings be denied, and that the petition of plaintiffs be dismissed. The case was appealed by defendant, lumber company, to the Commissioner of the General Land Office, who affirmed the decision of the register and receiver, in so far as it recommended the denial of the petition of plaintiffs as to the S. E. ¼ of N. E. ¼, but reversed the decision, in so far as it recommended the granting of the petition of plaintiffs as to the N. ½ and S. W. ¼ of the N. E. ¼ of section 3, township 3 north, range 10 west, in Vernon parish.

The plaintiffs then brought the present suit in the Twelfth district court, parish of Vernon, and have appealed from a judgment against them.

We are of the opinion that this judgment is correct.

Judgment affirmed.